IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 19, 2015 at Knoxville

## JOE CLARK MITCHELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**Nos. 2311-12, 2314, 2316-18, 2320-22     Robert L. Holloway, Jr., Judge**

—————————

**No. M2014-00754-CCA-R3-CD – Filed May 20, 2015**

—————————

The appellant, Joe Clark Mitchell, filed in the Maury County Circuit Court a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The motion was summarily denied, and the appellant timely appealed the ruling. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Joe Clark Mitchell, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In 1986, the appellant was charged with offenses in Giles County; after a change of venue was granted, he was tried in Maury County and convicted of two counts of aggravated assault, two counts of armed robbery, two counts of aggravated kidnapping, one count of arson, one count of first degree burglary, and two counts of aggravated rape. State v. Joe Clark Mitchell, No. 87-152-III, 1988 WL 32362, at *1 (Tenn. Crim. App. at Nashville, Apr. 7, 1988). The trial court imposed four consecutive life sentences for the aggravated kidnapping and the aggravated rape convictions; the remaining sentences

were to be served concurrently with the four consecutive life sentences. Id. On direct appeal, this court modified one of the aggravated rape convictions to rape, and the sentence was reduced to thirteen years. Id.

Since his convictions, the appellant has repeatedly pursued relief from his convictions and sentences. His most recent attempt, which is the subject of the instant appeal, is a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the appellant alleged that "the trial court in this case was without jurisdiction to indict/convict and/or enter[] sentence . . . thus rendering the judgments of conviction illegal and void." The appellant argued that because the Twenty-second Judicial District encompassed Giles, Lawrence, Maury, and Wayne Counties, the trial court was required to select members of the grand jury and the petit jury from all four counties. The appellant also alleged that the trial court erred by finding the appellant to be both an especially aggravated offender and a persistent offender and by failing to include the release eligibility percentage on the judgment as required by Tennessee Code Annotated section 40-35-501.[1] Finally, the appellant alleged that the trial court erroneously sentenced him as a persistent offender in contravention of Tennessee Code Annotated section 40-35-106(a)(1) (1982).[2]

The trial court entered an order summarily dismissing the motion, holding that the appellant's claims regarding the trial court's jurisdiction and sentencing were without merit. On appeal, the appellant challenges this ruling.

## II. Analysis

---

[1] Tennessee Code Annotated section 40-35-501 (1982) provided the release eligibility percentages for especially mitigated, standard, multiple, and persistent offenders. Additionally, the statute provided that "[t]he release eligibility date provided for herein shall be separately calculated for each offense for which a defendant is convicted." Tenn. Code Ann. § 40-35-501(g) (1982).

[2] At the time of the appellant's convictions, Tennessee Code Annotated section 40-35-106 (1982) provided that for determination of sentencing ranges:

> (a) A "persistent offender" is a defendant who has received:
>
> (1) Two (2) or more prior felony convictions for offenses committed within five (5) years immediately preceding the commission of the instant offense; or
>
> (2) Four (4) or more prior felony convictions for offenses committed within ten (10) years immediately preceding the commission of the instant offense.

First, the appellant contends that the grand jury that indicted him was chosen solely from citizens of Giles County, not from all of the counties comprising the Twenty-second Judicial District. He maintains that selecting a jury from a single county within a judicial district, instead of from the district as a whole, violates Tennessee Code Annotated sections 16-2-506 and 16-2-510(c) and thereby deprives the trial court of jurisdiction and renders the indictment and resulting convictions and sentences void.

Tennessee Code Annotated section 16-2-501(a), which was enacted in 1984, explained that the purpose of the legislation was "to reorganize the existing trial court system of this state in such a way that its growth occurs in a logical and orderly manner." Within Part 5, the legislature created thirty-one judicial districts. Tenn. Code Ann. § 16-2-506. The Twenty-second Judicial District was comprised of Giles, Lawrence, Maury, and Wayne Counties. Tenn. Code Ann. § 16-2-506(19)(A)(1)(i).

The appellant contends the establishment of judicial districts "stripped original jurisdiction from the County courts [and] in the same stroke abolished and outlawed the operation of County juries, (grand or petit) and replaced them with 'District juries and District Criminal/Circuit Courts . . . .'"

Historically, "two distinct procedural avenues [were] available to collaterally attack a final judgment in a criminal case - habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004); see also State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. at Jackson, Dec. 8, 2014). However, effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended by the addition of Rule 36.1, which provides, in part:

> Either the appellant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36(a); see Secdrick L. Booker v. State, No. M2014-00846-CCA-R3-CD, 2014 WL 7191041, at *2 (Tenn. Crim. App. at Nashville, Dec. 18, 2014). If the motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). "A sentence is not illegal when it is 'statutorily available but ordinarily inapplicable to a given defendant'; rather, an illegal sentence is one that is 'simply unavailable under the Sentencing Act.'" State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL

5483011, at *3 (Tenn. Crim. App. at Knoxville, Oct. 29, 2014) (quoting Cantrell v. Easterling, 346 S.W.3d 445, 454 (Tenn. 2011)), application for perm. to appeal filed, (Mar. 16, 2015).

Although Rule 36.1 does not define what constitutes a "colorable claim," this court has adopted the following definition: "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [the appellant] to relief." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. at Jackson, Aug. 13, 2014) (internal quotation marks and citation omitted). The requirements for a Rule 36.1 motion are more lenient than for a habeas corpus petition; notably, in a Rule 36.1 motion, a defendant is required only to state a colorable claim in his motion but is not required to attach supporting documents in order to survive summary dismissal, and the motion may be filed "at any time." See State v. Sean Blake, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. at Jackson, Jan. 8, 2015); State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *2 (Tenn. Crim. App. at Knoxville, Dec. 26, 2014).

The appellant's complaints, however, do not constitute a colorable claim for relief under Rule 36.1. This court has explained that

> Rule 36.1 provides an avenue for pursuing the correction of *illegal* sentences, defined by the Rule as a sentence 'not authorized by the applicable statutes' or a sentence 'that directly contravenes an applicable statute.' Thus, the Rule is directed at the sentence finally imposed, not the methodology by which it is imposed.

State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. at Knoxville, June 17, 2014) (citations omitted). In other words, Rule 36.1 provides "an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. at Knoxville, Mar. 31, 2014) (citing Cantrell v. Easterling, 346 S.W.3d 445, 455-56 (Tenn. 2011)), perm. to appeal denied, (Tenn. Nov. 19, 2014). The appellant's challenge to the process of choosing members of grand juries or petit juries, even if taken as true, would affect his convictions, not his sentences. Accordingly, the appellant is not entitled to relief on this basis.

Next, the appellant alleges that the trial court erred by finding that the appellant was subject to sentencing ranges for both an especially aggravated offender and a persistent offender and by failing to "pronounce judgment on the percentage" as required

- 4 -

by Tennessee Code Annotated section 40-35-501. The appellant also alleges that the trial court's finding that he was a persistent offender for the purpose of sentencing ranges was based upon an incorrect interpretation of Tennessee Code Annotated section 40-35-106(a)(1).

The record belies the appellant's contentions. The trial court determined the appellant's sentencing range based upon the finding that the appellant was a Range II, especially aggravated offender, and the judgments of conviction clearly reflect the appellant's designation as an especially aggravated offender. The trial court's finding that the appellant was a persistent offender was for the purpose of consecutive sentencing, not for the purpose of determining his sentencing range. Further, the failure to pronounce judgment on release eligibility percentages does not entitle the appellant to relief; the appellant's release eligibility was determined by statute. Tenn. Code Ann. § 40-35-501(e) (1982). Regardless, the appellant's claim is not one that falls under the auspices of Rule 36.1. State v. Robert B. Ledford, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. at Knoxville, Feb. 23, 2015) (stating that a trial court's error in offender classification will generally not render the sentence illegal). Accordingly, the appellant is not entitled to relief in this regard.

### III.  Conclusion

Finding no error, we conclude that the trial court did not err by dismissing the appellant's motion to correct an illegal sentence.

_____
NORMA McGEE OGLE, JUDGE